IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ROGER WILSON,
        Plaintiff,

v.                                               Civil Action No.  3:18-CV-42
                                                            (GROH)

FCI GILMER, and
UNITED STATES GOVERNMENT,
        Defendants.

## REPORT AND RECOMMENDATION

### I.  Introduction

On March 26, 2018, the *pro se* Plaintiff, who was previously a federal prisoner incarcerated at FCI Gilmer, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff asserts he was improperly incarcerated at FCI Gilmer, a medium security facility, instead of a camp and was improperly held in the Special Housing Unit ("SHU") for six months[1].  ECF No. 1 at 7 – 8.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] Plaintiff was released from prison in 2013.  ECF No. 1-2 at 3.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Unspecified Underlying Criminal Conviction.

Plaintiff has provided no information about the district or case number wherein he was convicted[2].  His claims are based on his incarceration at FCI Gilmer.

### B.     The Instant Complaint in 3:18-CV-42.

Plaintiff filed the instant complaint on March 26, 2018.  The complaint names the United States Government and FCI Gilmer as defendants.  ECF No. 1.

## III. Legal Standard

### A.     Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

---

[2] A review of PACER reveals that a Roger Wilson was convicted in the Western District of Pennsylvania, Pittsburgh Division, in case number 2:06-CR-316 of conspiracy to distribute and possession with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.  However, without more identifying information from Plaintiff, it is impossible to determine if he is the same individual.

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B.    Improperly Named Defendants

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him."  403 U.S. at 397.  "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001).  The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72.  However, a Bivens cause of action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor.  Further, in a Bivens case, the Plaintiff must specify

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### IV. Analysis

Plaintiff has named as defendants FCI Gilmer, a facility which operates under the Bureau of Prisons, and the United States government. Neither defendant is a proper party in a Bivens action. In FDIC v. Meyer, 510 U.S. 471, 486 (1994), the Court held that Bivens claims may not be brought against a federal agency, and that federal agencies may not be held liable in a Bivens claim. Because FCI Gilmer and the United States Government are improperly named as defendants in a Bivens actions, the complaint must be dismissed.

Moreover, even if Plaintiff had named proper defendants, his claim appears to be time-barred. Plaintiff asserts that his claim arose in 2008, five years prior to his 2013 release from incarceration, and ten years prior to the filing of this civil action[5]. Pursuant to Wilson v. Garcia, 471 U.S. 261 (1985), civil rights "claims are best characterized as personal injury actions," and thus applicable state statutes of limitation apply. Plaintiff asserts his claims arose in West Virginia while he was incarcerated at FCI

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

[5] In his form "Complaint for Violation of Civil Rights (Non-Prisoner)" filed with the Clerk, Plaintiff asserts that he "just found out he can sue" and argues that the statute of limitations should be tolled until his release from incarceration in 2013. ECF No. 1-2 at 3.

Gilmer. Accordingly, the two-year West Virginia statute of limitations articulated in W.Va. Code § 55-2-12[6] appears to apply to any personal injury suffered by Plaintiff.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. It is further recommended that Plaintiff's motion to proceed without prepayment of fees [ECF No. 2] and motion for the United States Marshals Service to serve summonses [ECF No. 3] be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

---

[6] West Virginia Code § 55-2-12 provides: "Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative."

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: July 18, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE